In the Matter of the Application of JOSEPH A. HAMLIN, Appellant, to Compel Delivery of Books and Papers.

FRANK M. RATHBONE, Respondent.

Fourth Department, May 4, 1921.

**Public officers — death of county clerk after re-election — successor can be appointed for unexpired term only — another clerk may be appointed on first of year to hold for that year — County Law, § 160, subdivision 2, and Public Officers Law, § 42, construed and applied.**

Subdivision 2 of section 160 of the County Law, providing that when a " vacancy " shall occur in the office of county clerk the person appointed as successor shall hold office until and including the last day of December

succeeding the first annual election after the happening of the vacancy must be read in connection with section 42 of the Public Officers Law and the " vacancy " referred to in the County Law construed to mean a vacancy occurring when the term of the officer would not expire at the end of the current year.

Accordingly, where a county clerk dies after re-election and before the commencement of his new term the Governor has power to appoint a successor for the remainder of the term only, and another person appointed at the beginning of the new term becomes the legal county clerk and entitled to the books, records and papers appertaining to the office.

APPEAL by the petitioner, Joseph A. Hamlin, from an order of the Supreme Court, made at the Jefferson Special Term and entered in the office of the clerk of the county of Oneida on the 21st day of February, 1921, denying an application of the petitioner compelling Frank M. Rathbone to deliver the the records, books and papers belonging or appertaining to the office of the county clerk of Oneida county.

*George C. Morehouse* [*August Merrill* of counsel], for the appellant.

*Henry D. Williams* [*P. C. J. De Angelis* of counsel], for the respondent.

CLARK, J.:

This proceeding was begun under section 80 of the Public Officers Law to compel respondent Frank M. Rathbone to deliver to petitioner the records, books and papers belonging or appertaining to the office of county clerk of Oneida county. The application was denied and petitioner appeals. The facts are not in dispute.

In November, 1917, at the general election Charles Wenzel was elected to the office of county clerk of Oneida county for a term of three years, which term began on the 1st day of January, 1918, and expired at midnight on the 31st day of December, 1920.

At the general election held in November, 1920, Mr. Wenzel was elected to the same office for a term of three years, which term would begin January 1, 1921, and would expire at midnight on the 31st day of December, 1923. He never took

office under the term for which he was elected in November, 1920, for the reason that he died on the twenty-eighth day of December in that year.

On the last day of December, 1920, the then Governor appointed petitioner to the office of clerk of Oneida county, but his commission was not received by him until the 1st day of January, 1921. Governor Miller was inaugurated January 1, 1921, and on that day he appointed Frank M. Rathbone, the respondent, to the office of clerk of Oneida county, and Mr. Rathbone received his commission that day. He had been a deputy under the former county clerk, and was acting as such deputy and was in charge of the Oneida county clerk's office when Mr. Wenzel died. On the 3d day of January, 1921, respondent took the constitutional oath of office as clerk of Oneida county, which oath was that day filed in the clerk's office, and on the same day he made and executed his official bond which was duly approved and filed with his commission in the office of the treasurer of Oneida county, the bond being subsequently filed in the office of the State Comptroller. Petitioner took the constitutional oath of office on the 3d day of January, 1921, and that document and his commission were filed in the Oneida county clerk's office on the 5th day of January, 1921. On the 4th day of January, 1921, petitioner's bond for the faithful discharge of his duties as county clerk was filed in the office of the State Comptroller, the bond having been approved by the county judge of Oneida county. This bond was not approved by the board of supervisors of Oneida county, but the bond of the respondent was approved by such board on the 12th day of January, 1921.

The question to be determined here is whether the petitioner or the respondent was the lawful clerk of Oneida county, and as such entitled to the custody and control of the records, books and papers appertaining to that office.

The application of petitioner is based on the claim that section 160 of the County Law (as amd. by Laws of 1914, chap. 62) is controlling. That section refers to the " Election, appointment, term of office and undertaking of county clerk," and so far as pertinent to this inquiry is as follows:

" There shall continue:

" 1. To be elected in each of the counties a county clerk,

who shall hold his office for three years from and including
the first day of January succeeding his election;

" 2. To be appointed by the Governor, a county clerk,
when a vacancy shall occur in such office, and the person
so appointed shall hold the office until and including the last
day of December succeeding the first annual election after the
happening of the vacancy."

The office of county clerk is an elective office, and the
term is for three years. (Const. art. 10, § 1.) By section 5
of article 10 of the Constitution it is provided that " The
Legislature shall provide for filling vacancies in office, and
in case of elective officers, no person appointed to fill a vacancy
shall hold his office by virtue of such appointment longer than
the commencement of the political year next succeeding the
first annual election after the happening of the vacancy."

It will thus be seen that the Legislature has the power
under the Constitution to provide for the filling of vacancies
in the office of county clerk, and the Legislature did provide
for filling such vacancies by the enactment of section 42 of the
Public Officers Law.

Reading subdivision 2 of section 160 of the County Law
and section 42 of the Public Officers Law together, it must be
construed that the " vacancy " referred to in the office of
county clerk refers to a vacancy occurring when the term of
the officer would not expire at the end of the current year.

Let us assume that in November, 1920, a person other than
Mr. Wenzel had been elected clerk of Oneida county, his term
to begin January 1, 1921, and that the then clerk, Mr. Wenzel,
had died December 28, 1920, three days before his term as
county clerk would expire, and that just before the term
expired petitioner had been appointed clerk in precisely the
same way as he was appointed by the then Governor. Can it
be said that under section 160 (Subd. 2) of the County Law,
or under the Constitution (Art. 10, § 5), that petitioner could
hold the office until December 31, 1921, thus depriving the
clerk elected in November, 1920, of the first year of his term?
I doubt that such a claim would be seriously made. But that
is precisely what would happen if petitioner's interpretation of
the statute was to be adopted.

This matter must be disposed of without regard to the fact

that Mr. Wenzel, whose term would expire December 31, 1920, was elected for another term in November of that year. His terms of office were separate and distinct — three-year terms. (Const. art. 10, § 1.)

These terms are not to be construed as one continuous term, and the situation must be controlled by section 42 of the Public Officers Law, which is as follows:

" Filling other vacancies. If a vacancy shall occur, otherwise than by expiration of term, with no provision of law for filling the same, if the office be elective, the Governor shall appoint a person to execute the duties thereof until the vacancy shall be filled by an election. But if the term of such officer shall expire with the calendar year in which the appointment shall be made, or if the office be appointive, the appointee shall hold for the residue of the term."

The facts in this case fit in precisely with the terms of that section. The vacancy in the office of the Oneida county clerk occurred, not by expiration of the term of the incumbent, but by his death *before his term expired.* It expired at the end of the calendar year during which petitioner received his appointment. Under these circumstances petitioner's appointment was effective only for the residue of Mr. Wenzel's term, and that was for the time between the appointment and the expiration of Mr. Wenzel's term, which was December 31, 1920, at midnight. A vacancy occurred in the office of county clerk when Mr. Wenzel, the incumbent, died. (Pub. Off. Law, § 30, subd. 1, as amd. by Laws of 1920, chap. 259.)

The Governor had power to fill that vacancy, but the appointment was only for the space of time between the appointment and the expiration of the term of the incumbent. A new term of office for county clerk began January 1, 1921. The person who had been elected to that office in November, 1920, on filing the constitutional oath, and giving the bond prescribed by law, would be the constitutional and legal clerk, and entitled to the office. (*People ex rel. Jackson* v. *Potter,* 47 N. Y. 375.)

The person who had been elected in November, 1920, did not qualify, for he was not living when his term began. Consequently there was a vacancy in the office of county clerk of Oneida county on the 1st day of January, 1921, when the

new term began, and it was filled by the present Governor in the appointment of respondent. He qualified by taking the constitutional oath of office, and making and executing his official bond, which was approved and filed as required by law. Respondent thereupon became not only the acting, but the legal clerk of Oneida county, and entitled to the custody of the books, records and papers appertaining to that office.

The contention of petitioner is without merit, and the order appealed from should be affirmed, with ten dollars costs.

All concur.

Order affirmed, with ten dollars costs and disbursements.